# Staunton.

## BOYCE & WRIGHT V. McCAW.

### October 12, 1882.

ATTACHMENTS.—B & W, under Code 1873, ch. 148, § 11, sued out an attachment in equity against McC on a claim for damages, and filed their bill averring a breach of warranty in a sale of phosphate to them by him, whereby they were damaged, and also alleging the fraud and insolvency of McC. Defendant appeared and demurred to the bill, and moved to abate the attachment. He also answered, denying every material allegation of the bill. No testimony was taken.

HELD :

Though the demurrer should be properly overruled, yet, notwithstanding the motion to abate the attachment might not be properly sustainable, the bill, being denied as to all of its material averments, should be dismissed with costs to the defendant.

Appeal from decrees of the circuit court of Clarke county pronounced May, 1880, and November, 1880, respectively, in proceedings in equity under Code 1873, ch. 148, § 11, wherein U. L. Boyce and J. T. Wright were complainants, and William R. McCaw, survivor of himself and T. D. McCaw, late partners in the name of T. D. McCaw & Co., were defendants.

Boyce & Wright bought of T. D. McCaw & Co., ten tons of Whann's Super-Phosphate, and for it gave their note for $610.35, with nine per cent. interest, payable to said firm at six months. On it suit was brought.

Boyce & Wright filed special pleas under Code 1873, ch. 168, § 5. At the trial, however, the pleas were withdrawn, and judgment was entered on the note. Boyce & Wright then brought their bill in equity, alleging breach of war-

ranty and failure of consideration in the sale of the phosphate for which the note was given on which the judgment was rendered, and obtained an injunction to the enforcement of the judgment. On demurrer to the bill being sustained, the injunction was dissolved. Later, under the statute in such case provided, they sued out an attachment in equity against William R. McCaw, who had become surviving partner, and a non-resident of this state, on a claim for damages, and filed their bill alleging breach of warranty and fraud in the procurement of the contract for the sale of the phosphate, and the insolvency of the said firm of T. D. McCaw & Co., and caused the attachment to be levied on the money in their hands due by the note whereon the judgment had been rendered, which judgment William Byrd, as special receiver, had, by order of the court, been directed to collect. William R. McCaw appeared, and filed demurrer and answer to the bill, denying its every material averment, and moved to abate the attachment. In May, 1880, the circuit court heard the demurrer and overruled it, but sustained the motion to abate the attachment, and retained the cause to be decided upon the issues in fact raised by the pleadings.

At November term, 1880, there having been no testimony taken, the court heard the cause upon the bill and the answer and the exhibits filed, and dismissed the cause with costs to the defendants. From these decrees, abating the attachment and dismissing the cause, the said Boyce & Wright obtained an appeal to this court.

*Dandridge & Pendleton,* for the appellants.

*H. Conrad* and *McDonald & Moore,* for the appellee.

LEWIS, J., delivered the opinion of the court.

In this case a number of interesting and important questions have been discussed by the counsel, which it is unnecessary to decide. In the view which we take of the case, it can be disposed of in a few words.

The appellants are judgment debtors of William R. McCaw, surviving member of the late firm of T. D. McCaw & Co., who, at the time of the institution of this suit, was a non-resident of Virginia. The object of the suit by the plaintiffs, who are the appellants here, was to attach in their own hands the judgment debt due by them as aforesaid, to satisfy a claim which they alleged was due to them by the said firm.

An attachment issued, which was afterwards abated by the decree of the circuit court, and the cause was retained to be decided upon the issues of fact raised by the pleadings.

William R. McCaw answered the bill, and in his answer distinctly denied every material allegation thereof.

No testimony was taken, and the cause coming on to be heard at the following term, the bill was dismissed.

From these two decrees an appeal was applied for and allowed.

It is unnecessary to consider whether there is error in the first decree, abating the attachment. As there was no testimony and nothing in the record to overthrow the responsive allegations of the answer, or to show cause of action on the part of the appellants, the bill was properly dismissed by the last decree. If, therefore, it were conceded that the court erred in abating the attachment, as the case stood, the appellants have not been prejudiced by the error. It may be that the first decree was not a decree adjudicating the principles of the cause, from which an appeal was allowable, and that it was necessary to await the final decree before the cause could be removed on appeal into this court; still, as no cause of action was shown, the court

below could not do otherwise than dismiss the bill. We are at liberty to look at the case only as it is presented by the record ; and, so viewing it, we cannot say that the appellants have any cause of action whatever. On the principle that what does not appear, does not exist, the presumption is they have none. And if they have none, there is nothing in the decrees of the circuit court of which they can complain.

. The decrees are therefore affirmed.

DECREES AFFIRMED.